IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| United States of America | Criminal Action No. |
|---|---|
| v. | 1:22-cr-87-ELR |
| Sook Hee Kim | |

**Sentencing Memorandum**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Michael S. Qin, Assistant United States Attorney for the Northern District of Georgia, files this Sentencing Memorandum.

**1. The PSR correctly calculated Kim's guidelines range.**

The Court should overrule Kim's objection to the base offense level. She asks the Court to calculate her guidelines based on the government's actual loss ($300,000 disbursed for fraudulently obtained loans) rather than the defendant's total relevant conduct ($750,000 worth of fraudulent loan applications). But the law clearly provides that the intended loss amount controls.

The Guidelines commentary explains that the operative "loss" amount "is the greater of actual loss or intended loss." U.S.S.G. § 2B1.1(b)(1) and App. Note 3(A). And intended loss "means the pecuniary harm that the defendant purposely sought to inflict." *Id.* Thus, the Eleventh Circuit has held that intended loss from theft of credit card applications can be the total amount of credit limits on the cards, even "when the actual charges made against the cards were less."

*United States v. Manoocher Nosrati-Shamloo*, 255 F.3d 1290, 1291 (11th Cir. 2001). This case is even clearer. Kim filed fraudulent EIDL applications for five different companies and sought $750,000 from the Small Business Administration. That is the intended loss amount, and that is the figure that controls, even though the Administration granted only two applications, resulting in actual loss of $300,000.

Moreover, Kim's argument for minor or minimal role lacks merit. Kim is not "substantially less culpable" than the numerous individuals in this scheme who applied for fraudulent EIDLs. U.S.S.G. § 3B1.2, App. Note 3(a). While Paul Kwak may be the ringleader, the "average" participant is exactly someone like Kim, who filed several fraudulent EIDL applications with Kwak's help. Further, the commentary instructs that a defendant who "has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by [her] actual criminal conduct" is not entitled to any role adjustment. *Id.*, App. Note 3(b). Kim pleaded guilty to false statement to SBA and thereby avoided a wire fraud charge (which Kwak currently faces) that carries a 20-year maximum sentence. Thus, a role adjustment is not permissible.

The Government believes, however, that a one-level downward variance would be appropriate here to avoid unwarranted sentencing disparities. Kim's range has a low end of 24 months, the statutory maximum. The first defendant to be sentenced in this scheme, Joosoo Choi-Bang, received 18 months, which was her low end. Their conduct is not dissimilar enough to justify the 6-month disparity. Choi-Bang filed 4 applications, with total attempted loss of $469,000,

and total actual loss of $319,000. Kim filed 5 applications, with total attempted loss of $750,000, and total actual loss of $300,000. The Guidelines increase the offense level by two if the amount of loss is $550,000-$1,500,000 rather than $250,000-$550,000. So Choi-Bang fell just below the threshold, and Kim is slightly above it. A one-level variance would smooth out this sharp jump in the Guidelines.

The Government therefore recommends a term of imprisonment of 21 months. The probation sentence Kim has indicated she will ask for is not appropriate under the § 3553(a) factors.

First, this case involves a serious offense driven by greed. Congress allocated funds to ease the economic devastation that the COVID-19 pandemic caused. Yet, while ordinary people everywhere bore the brunt of the economic distress, unscrupulous individuals, including Kim, chose to enrich themselves fraudulently and shrink the pool of money that could alleviate legitimate suffering. Kim decided to use the EIDL program as her personal source of cash. Her attempted theft of $750,000 in taxpayer funds merits serious punishment.

Second, there is a high need for deterrence. There has unfortunately been many individuals who similarly decided to steal from the COVID relief funds. *See, e.g.*, https://www.justice.gov/opa/pr/three-men-sentenced-27-million-covid-19-relief-fraud-scheme (defendants sentenced to 72 months, 66 months, and 60 months after pleading guilty to $2.7 million scheme); https://www.justice.gov/usao-cdca/pr/san-fernando-valley-family-members-sentenced-years-prison-fraudulently-obtaining-tens (defendants sentenced to 17

years, 6 years, and 5 years after being convicted at trial for more than $20 million in PPP and EIDL fraud); https://www.justice.gov/usao-edny/pr/long-island-physician-sentenced-51-months-prison-covid-19-loan-fraud (defendant sentenced to 51 months after pleading guilty to obtaining approximately $3.7 million in PPP and EIDL loans); https://www.justice.gov/opa/pr/man-sentenced-covid-19-relief-fraud-scheme (defendant sentenced to 2 years for submitting 9 fraudulent loans, 6 successful, resulting in disbursement of over $700,000). Many others will likely escape detection and prosecution. A significant prison sentence in this case is necessary to deter persons tempted to take advantage of the relief Congress provided during a time of crisis.

Third, a term of imprisonment is necessary to promote respect for the law. The COVID relief programs Congress created must not be seen as free money for anyone willing to submit false information to the SBA. As this case shows, it is not difficult to commit fraud in the EIDL program if one ignores right and wrong. Giving fraudsters like Kim only a slap on the wrist would dishonor the honest business owners who submitted accurate information and were denied relief or received less disbursement than they could have by lying.

Finally, a probation sentence would create an unwarranted disparity with the sentence of Joosoo Choi-Bang. Based on similar conduct, she received a sentence of 18 months' imprisonment. Kim filed more fraudulent loans with a higher intended loss amount, so the higher 21-month sentence is appropriate. And the factors Kim plans to introduce in mitigation generally applied to Choi-Bang as well.

4

## Conclusion

The Court should sentence Kim to 21 months' imprisonment and one year of supervised release.

Respectfully submitted,

RYAN K. BUCHANAN
   *United States Attorney*


/s/MICHAEL S. QIN
   *Assistant United States Attorney*
Georgia Bar No. 206110
Michael.Qin@usdoj.gov

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

September 7, 2022

/s/ MICHAEL S. QIN

MICHAEL S. QIN

*Assistant United States Attorney*